IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MICHAEL KIRK,

    Petitioner,                              No. CIV S-07-2521 GEB GGH P

    vs.

TOM FELKER, et al.,

    Respondents.                           <u>ORDER</u>

    _____/

<u>Introduction</u>

           Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted of possession of a stolen vehicle (Cal. Pen. Code § 496d(a), on 11/04/04, was sentenced in Sacramento County Superior Court to a term of nine years. Respondent notes that petitioner was found to have sustained a prior conviction for home burglary in 1986, five prior prison term convictions for possession of heroin in 1995, possession of a dangerous weapon in 1993, petty theft with a prior in 1990 (the 1986 burglary), and possession of stolen property in 1983. Motion to Dismiss, p. 3. Petitioner challenges his 2004 conviction on two grounds: 1) due process violation when prosecutor failed to timely turn over evidence (during discovery); and 2) ineffective assistance of counsel when trial counsel failed to seek all available remedies for plaintiff. Petition, pp. 1-7.

1

<u>Motion to Dismiss</u>

Pending before the court is respondent's motion to dismiss (MTD) the petition for untimeliness pursuant to 28 U.S.C. § 2244(d), filed on 4/25/08.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner timely filed an appeal to the Third District Court of Appeal, which affirmed the judgment on 5/11/06. MTD, p. 3; Lodged Document (Lodg. Doc.) 1. Petitioner's petition for review in the California Supreme Court was filed on 6/21/06, and was denied on 7/26/06. MTD, p. 3; Lodg. Doc. 2. The record therefore demonstrates that petitioner's conviction became final on 10/24/06 (MTD, p. 4), ninety days after the state supreme court denied petitioner's petition for review on direct appeal. <u>See</u> Cal. Rules of Court, Rule 8.308(a) (former Rule 31); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition.") The statute of limitations

began to run the next day, on 10/25/06. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section. However, as respondent notes, petitioner did not file any state petition for a writ of habeas corpus. MTD, pp. 3-4. Petitioner, therefore, had one year, that is, until 10/24/07, to file a timely federal petition, absent applicable tolling. Although the court docket indicates the petition was filed on 11/26/07, the undersigned accords petitioner application of the mailbox rule,[1] and the petition is deemed filed as of 11/17/07.

Petitioner was granted two extensions of time to file an opposition. See Orders, filed on 6/02/08, and on 7/15/08. Ultimately, petitioner filed a document entitled "request that the court grant relief from default and permission to file a belated notice of appeal." The court will deem this document to be petitioner's opposition. Within his opposition, petitioner does not dispute that he did not file any state habeas petition which could have tolled the statute. The petition is therefore untimely by more than three weeks (24 days) under the AEDPA statute.

Unless petitioner is entitled to equitable tolling, the petition must be found to be untimely. A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The one year statute of limitations for filing a habeas petition may be equitably tolled "only if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Id., at 1066 (internal quotation omitted [emphasis added in Miranda]). The prisoner must

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). See also, Rule 3(d) of the federal Rules Governing Section 2254 Cases.

show that the "extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "'When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In his opposition, petitioner states that he was represented by counsel in his appeal "all the way up to the Eastern District..." Opp., p. 1. However, this is belied by the fact that petitioner has proceeded on his habeas petition in this court pro se. He also contends that he was sent no court ruling (presumably, referencing the decision on his state court appeal to the Third District Court of Appeal and/or his petition for review to the California Supreme Court) until 10/19/07, which he claims was sent to him by Federal Express, and which he claims not to have received until "at least 10/25/07." Id. The date that petitioner contends he received the mail, 10/25/07, is one day beyond the AEDPA deadline in this case, 10/24/07. Further, at the time of receiving the ruling(s), he states that he was confined in maximum security and unable to make copies. Id. Petitioner than goes on to assert that his counsel abandoned the appeal in failing to file a timely notice of appeal. Id., at 2. However, the record indicates both a timely direct appeal was filed on petitioner's behalf, as well as a timely petition for review.

The court will construe his filing as one seeking equitable tolling on the basis that his appellate counsel, evidently named Rita L. Swenor,[2] failed to inform him of the denial of his 7/26/06 petition for review until late October of 2007. However, petitioner submits neither his own affidavit under penalty of perjury, nor that of attorney Swenor, nor any prison log documenting the date of his receipt of the state court ruling. Even assuming petitioner had done so, however, under Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), petitioner is not entitled to equitable tolling due to any miscalculation of the AEDPA limitations period by

---

[2] See respondent's Lodg. Doc. 2.

petitioner's counsel or "negligence in general," as such errors do not constitute the requisite "extraordinary circumstances." See also, Miranda, supra, at 1066-1067. In Miranda, the Ninth Circuit emphasized that while a petitioner is constitutionally entitled to counsel on direct review, there is no such constitutional guarantee with respect to counsel in state post-conviction proceedings. 292 F.3d at 1068. Nor is there a constitutional right to counsel when proceeding with a federal habeas. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993).

Under Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003), however, an attorney's misconduct, where sufficiently egregious, may constitute the required extraordinary circumstances. On this record, the court is unable to determine whether petitioner can meet his burden to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)). That is, in addition to the lack of supporting evidence noted above, petitioner does not contend that he made any attempts to contact his appellate counsel's office prior to his allegedly belated receipt of the state court ruling(s) on direct review in the state appellate court and/or the state supreme court, and, if so, what those efforts constituted. The court cannot therefore evaluate whether or not appellate counsel's alleged oversight was egregious enough or petitioner's conduct sufficiently diligent to warrant equitable tolling. Rodriguez v. Marshall, 234 Fed. Appx. 746, 747-748 (9th Cir. 2007).[3]

The undersigned, therefore, will now set this matter for an evidentiary hearing. Having found an evidentiary hearing necessary to determine whether petitioner may be entitled to equitable tolling, pursuant to Rule 8(c), Fed. R. Governing § 2254 Cases, the court must also

---

[3] The Ninth Circuit now permits citation to unpublished cases. Ninth Circuit Rule 36-3, in accordance with Fed. R. App. P. 32.1, now permits citation to unpublished dispositions and orders issued on or after January 1, 2007. However, such rulings "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Ninth Circuit Rule 36-3(a).

appoint counsel to represent petitioner for hearing purposes. Because final resolution of the pending motion must await the outcome of an evidentiary hearing, the court will now, for administrative purposes only, deny the motion, but only on the basis that the denial is without prejudice pending ultimate determination post-hearing.

Accordingly, IT IS ORDERED that:

1. Respondent's motion to dismiss the petition as untimely, filed on 4/25/08 (#12), is denied *without prejudice* to its ultimate resolution following the evidentiary hearing, set herein for June 15, 2009, at 9:00 a.m., before the undersigned;

2. The Federal Defender is appointed to represent petitioner for purposes of investigating, preparing for and conducting the pending evidentiary hearing;

3. In addition to respondent's counsel and petitioner pro se, the Clerk of the Court shall serve a copy of this order on Carolyn Wiggin, Assistant Federal Defender.

DATED: 01/12/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
kirk2521.mtd