IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MICHAEL KIRK,

    Petitioner,                 No. CIV S-07-2521 GEB GGH P

    vs.

TOM FELKER, et al.,

    Respondents.            <u>ORDER</u>

                                /

            This matter is set for an evidentiary hearing on June 15, 2009, at 9:00 a.m., before the undersigned to determine whether petitioner can meet his burden to demonstrate that he is entitled to equitable tolling of the AEDPA statute of limitations with respect to the instant petition and respondent's motion to dismiss. Petitioner's counsel has requested petitioner's appearance via live video-conference at the hearing. Respondent has opposed the request, to which opposition has filed a reply. The court having previously authorized issuance of a writ of habeas corpus ad testificandum for petitioner's electronically televised and transmitted appearance at the hearing effectively resolves the question; however, the court sets forth briefly its reasoning herewith.

            Petitioner avers that he is a necessary witness but wishes to remain in his present prison facility due to the inconvenience of being transported with respect to certain unspecified

medical needs, which might require cancellation of an appointment with a specialist; interfere with other litigation matters he has pending by being separated from his legal property, and increase his risk of exposure; petitioner cites the current CDCR[1]- imposed ban on "visiting and other non-essential activities," in light of a confirmed prisoner case of the H1N1 virus. Request & Counsel's Declaration, pp. 2, 7. Petitioner observes that respondent will be able to cross-examine petitioner and the testimony will be in open court, pointing out that as this is a civil matter, the Sixth Amendment's confrontation clause is not implicated. Id., at 5.

Respondent objects to the lack of specificity and supporting evidence for excusing his in-person appearance at the hearing and contends that requiring petitioner's physical presence serves an important truth-telling function and opportunity to assess his credibility. Opposition (Opp.), p. 2.

> Both parties rely primarily on Fed. R. Civ. P. 43 in their briefing:
> **In Open Court.** At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Rule 43(a).

Respondent also objects that petitioner's reasons for not making an in-person appearance do not constitute "compelling circumstances," and argues that petitioner has not demonstrated "appropriate safeguards" have been taken, although respondent appears to interpret such safeguards rather technically and narrowly as a question of whether the availability of appropriate equipment and staff has been adequately ascertained (which respondent contends has not occurred here). Opp., pp. 3-4. Respondent relies on Advisory Committee Notes to the 1996 Amendments, emphasizing the need for "showing good cause in compelling circumstances" prior to permitting "contemporaneous transmission from a different location"; however, petitioner

---

[1] California Department of Corrections and Rehabilitation.

2

points out that Rule 43(a) applies in the context of a trial, not at a hearing to resolve factual issues relevant to respondent's motion to dismiss. Opp., p. 2; Reply, p. 1.

Petitioner points to Rule 43(c), as governing in this context:

> **Evidence on a Motion**. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

A Ninth Circuit jurist has recently pointed out the multifarious applications of "contemporaneously transmitted telephonic and audiovisual testimony," even in the context of a criminal trial, as well as in civil cases. Palmer v. Valdez, 560 F.3d 965, 973 (9th Cir. 2009)(Circuit Judge McKeown, concurring in part and dissenting in part); see also, Goldberg v. Tracy, 247 F.R.D. 360, 392-393 (E.D.N.Y. 2008) (finding waiver where petitioner was not physically produced, but appeared telephonically at his evidentiary hearing and failed to object). Overlooked by both parties appears to be the promotion of efficiency and economy of the judicial process afforded by video-conferencing as well as the savings to taxpayers who will not be burdened by the cost of petitioner's transportation and re-housing for purposes of the hearing. Goldberg, supra, at 392 (habeas petitioner's telephonic or electronic participation diminishes "the almost impossible administrative burdens involved in the transportation of prisoners to and from a habeas court.")

This court agrees with petitioner that in this evidentiary hearing to be held to resolve respondent's motion to dismiss, the court is entitled to the broad discretion afforded under Fed. R. Civ. P. 43(c).

Accordingly, IT IS ORDERED that petitioner's May 8, 2009 (docket # 27) request to appear at the evidentiary hearing via video-conference is granted.

DATED: May 14, 2009                     /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
kirk2521.ord